IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

|  |  |  |
|---|---|---|
| RAZORBACK CONCRETE COMPANY | * * * * | |
| Plaintiff | * * | NO: 3:07CV00135 SWW |
| VS. | * * | |
| DEMENT CONSTRUCTION, LLC | * * | |
| Defendant | * * * * * | |

**ORDER**

Plaintiff Razorback Concrete Company ("Razorback") brings this action for breach of contract and fraudulent misrepresentation against Dement Construction, LLC ("Dement") pursuant to the Court's diversity jurisdiction. Before the Court is Dement's motion to transfer venue (docket entry #21), Razorback's response in opposition (docket entry #30), and Dement's reply (docket entry #38). After careful consideration, and for the reasons that follow, the motion to transfer will be denied.

**I.**

The following facts are taken from the complaint. On June 23, 2007 Dement ordered concrete from Razorback for a highway project in Crittenden County, Arkansas. Razorback delivered the concrete, which Dement later claimed was defective. Tests were performed, and at a meeting attended by representatives of the Tennessee Department of Transportation

("TDOT"), Dement, and Razorback, it was confirmed that the concrete was acceptable. Dement represented to Razorback that it expected Razorback to continue to supply concrete for the highway project and that Dement would pay Razorback's invoices in a timely manner. Based on these representations, Razorback continued to supply concrete to Dement. Despite Dement's assurance that it would pay Razorback's invoices, Dement withheld payment, claiming again that Razorback's concrete was defective. Razorback claims that Dement falsely stated that it would pay for the concrete, "when at all times it knew that it was not going to pay and when at all times it had no just cause not to pay." Docket entry #1, ¶ 17. Razorback sues Dement for breach of contract and fraudulent misrepresentation, seeking monies owed and punitive damages.

Dement counterclaims alleging that in August 2006, Razorback agreed to supply redi-mix concrete, as required and according to project specifications, for the aforementioned highway construction project. Dement claims that as early as September 2006, certain loads of concrete supplied by Razorback failed to meet strength specifications. According to Dement, Razorback's failure to meet strength specifications ceased temporarily, but beginning in June 2007, certain loads of concrete supplied by Razorback were defective. Dement alleges that it withheld payment to Razorback, anticipating that the TDOT would require remedial work associated with defective concrete. Dement states that Razorback refused to accept any responsibility for defective concrete. However, Dement acknowledges that in September 2007, Razorback took steps that allowed the concrete to gain strength, and the TDOT accepted concrete that initially failed to meet strength specifications. Dement alleges that after the TDOT accepted Razorback's "originally defective" concrete, Razorback unilaterally terminated the parties' purchase agreement and ceased supplying concrete for the project. Dement seeks incidental or consequential damages resulting from Razorback's alleged breach of contract.

II.

According to the complaint allegations, Razorback brought suit in this judicial district pursuant to the transactional venue provision set forth in 28 U.S.C. § 1391(a)(2), which provides that a civil action based on diversity jurisdiction may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. *See* 28 U.S.C. § 1391(a)(2). Dement does not assert that venue is improper in this judicial district but seeks to transfer venue, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Western District of Tennessee.

Section 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Eighth Circuit has recognized several factors that can guide a court's § 1404(a) decision. The "convenience" factors include: "(1) convenience of the parties; (2) convenience of the witnesses-including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents; (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law." *Terra Intern., Inc. v. Mississippi Chemical Corp.*, 119 F.3d 688, 696 (8th Cir.1997) (citations omitted), *cert. denied*, 522 U.S. 1029 (1997). The "interests of justice" factors include: "(1) judicial economy; (2) the plaintiff's choice of forum; (3) the comparative costs to the parties of litigating in each forum; (4) each party's ability to enforce a judgment; (5) obstacles to a fair trial; (6) conflicts of law issues; and (7) the advantages of having a local court determine questions of local law." *Id*.

"Change of venue ... should not be freely granted," since courts "are in the business of deciding cases, not playing procedural hockey among available districts at the whim of

dissatisfied parties." *In Re Nine Mile Limited*, 692 F.2d 56, 61 (8th Cir.1982), *abrogation on other grounds recognized by, Missouri Housing Dev. Comm'n v. Brice*, 919 F.2d 1306, 1311 (8th Cir. 1990)). The Eighth Circuit has advised that "federal courts give considerable deference to a plaintiff's choice of forum and ... the party seeking a transfer under § 1404(a) typically bears the burden of proving that a transfer is warranted." *Terra*, 119 F.3d at 695.

Dement asserts several arguments in support of its motion to transfer venue to the Western Division of the Western District of Tennessee, located in Memphis, Tennessee.[1] First, Dement points out that the highway project for which Razorback supplied concrete is located in West Memphis, Arkansas, a few miles west of the Tennessee/Arkansas border. Dement states that West Memphis is only 9.6 miles from Memphis, Tennessee, but 63.8 miles from the Jonesboro Division of this Court. Dement does not explain how the proximity of the highway project to the judicial forum impacts the convenience of parties and witnesses or the interests of justice.

Second, Dement states, "The contacts to this case also point to Tennessee." Docket entry #22, at 14. Dement notes that Tennessee funded and managed the highway project involved in this case, and Tennessee was the location for testing of the concrete at issue. On the other hand, according to Dement, "Arkansas's government . . . had very little to do with the project besides paying a minority share of the funds." *Id*. A "weight of the contacts" analysis might be relevant in determining whether venue is proper in a given judicial district. However, the focus here is whether a transfer of venue is warranted based on the factors outlined in § 1404(a), and Dement fails to connect Tennessee's role in funding and managing the highway project to the relevant

---

[1] It is undisputed that this case could have been brought in the Western District of Tennessee because Dement resides in that judicial district. *See* 28 U.S.C. § 1391(a)(1).

convenience and fairness factors.

Third, Dement states that the Western District of Tennessee would be a more convenient forum because Dement's principal place of business--Jackson, Tennessee--is closer to Memphis. Jackson is approximately 89 miles from Memphis and approximately 159 miles from Jonesboro. The Court finds that the 70-mile difference, without more, does not warrant a transfer of venue.[2]

Fourth, Dement states that the vast majority of witnesses who are expected to give testimony in this case are located closer to Memphis than to Jonesboro. The concern that non-party witnesses may not voluntarily appear at trial makes convenience of witnesses the most important factor in considering a motion to transfer under § 1404. The question of witness convenience depends on whether witnesses will willingly appear, whether they can be compelled to appear, and whether alternative means of producing their testimony exists. *See Terra*, 119 F.3d at 696.

Dement submits a list of 29 potential witnesses, and it appears that 24 of those listed reside in Tennessee. Dement states that "the expected testimony from the vast number[3] of independent witnesses will be needed." Docket entry #38, at 8. However, Dement offers no information regarding whether the witnesses listed will be willing to appear or whether alternative means of presenting their testimony exists. The Court finds that Dement has failed to show that the balance of witness convenience tips in favor of transfer to the Western District of

---

[2] Razorback's principal place of business is West Memphis, Arkansas, which is approximately 9 miles from Memphis, Tennessee and approximately 65 miles from Jonesboro, Arkansas. However, any inconvenience to Razorback as a result of its own choice of forum is not a convincing argument in favor of transfer.

[3] "[S]heer numbers of witnesses will not decide which way the convenience factor tips." *Terra Intern., Inc. v. Mississippi Chemical Corp.*, 119 F.3d 688, 696 (8th Cir. 1997)(quoting *Terra Intern., Inc. v. Mississippi Chemical Corp*. 922 F. Supp. 1334, 1360 (N.D. Iowa 1996)).

Tennessee.

Fourth, Dement argues that "Tennessee substantive law will govern the facts of this lawsuit" and that "a Tennessee court should be responsible for hearing this case, especially when the few ties of this case to Arkansas are so closely located . . . to the State of Tennessee." Docket entry #22, at 17-18.   Even assuming that Tennessee law provides the substantive law, this factor does not justify transfer.  Dement makes no showing that Tennessee law governing contract and fraud claims is novel or complex, and this  Court is routinely called up to apply the law of other jurisdictions in diversity cases.

**III.**

For the reasons stated, Defendant's motion to transfer venue (docket entry #21) is DENIED.

IT IS SO ORDERED THIS 4TH DAY OF JUNE, 2008.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE