.IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| RAZORBACK CONCRETE COMPANY | * * * | |
| Plaintiff | * * | |
| VS. | * * | NO: 3:07CV00135  SWW |
| DEMENT CONSTRUCTION COMPANY LLC | * * * * | |
| Defendant | * | |

## ORDER

Before the Court are motions for attorneys' fees and costs filed by Plaintiff Razorback Concrete Company ("Razorback") (docket entries #127, #128) and Defendant Dement Construction Company LLC ("Dement") (docket entries #134, #135, #136, #137), responses in opposition (docket entries #139, #142, #143), and replies in support (docket entries #141, #144, #145). Also before the Court is Razorback's motion for prejudgment interest (docket entries #125, #126), Dement's response in opposition (docket entry #138), and Razorback's reply in support (docket entry #140). After careful consideration, and for reasons that follow, Razorback's motion for attorneys' fees and costs will be granted in part and denied in part, Razorback's motion for prejudgment interest will be granted, and Dement's motions for attorneys' fees and costs will be denied.

### I. Background

On September 26, 2007, Razorback commenced this lawsuit charging Dement with

breach of contract and fraud. Dement, the prime contractor for a bridge construction project near the Tennessee/Arkansas border, contracted with Razorback to supply concrete for the project. In the complaint, Razorback alleged that after a dispute arose regarding the quality of concrete it supplied, Dement induced it to continue supplying concrete, "when at all times it knew that it was not going to pay . . . " Compl., ¶ 11.

Razorback alleged that Dement withheld over $400,000 due under the parties' agreement, even though the Tennessee Department of Transportation ("TDT") determined that the concrete Razorback had supplied was not defective. *See* Compl, ¶ 9. By way of relief, Razorback sought "monies owed" and punitive damages under a fraud theory or, alternatively, "monies owed" for concrete and ice charges under a breach of contract theory. Additionally, in response to discovery requests, Razorback revealed that it would seek lost profits.

In answer to the complaint, Dement reported that after Razorback filed its complaint, the TDT approved Razorback's concrete, and Dement paid Razorback $336,406.07–the contract amount, less Razorback's charges for ice. Additionally, Dement filed a counterclaim, charging that Razorback breached the parties' contract by supplying sub-standard concrete and by unilaterally and prematurely terminating the contract, which added $100,000 to $125,000 to Dement's project costs.

Next, Dement filed a motion for summary judgment. Finding no issues for trial on Razorback's fraud claim and claim for lost profits, the Court granted partial summary judgment in Dement's favor. However, the Court found that genuine issues for trial on Razorback's breach of contract claim–specifically, whether the parties' agreement required Dement to pay for ice charges. Subsequently, Dement dismissed its counter-complaint, leaving Razorback's

breach of contract claim, seeking payment for ice charges, the only claim remaining.

Razorback's claim for breach of contract was tried to a jury on November 7, 2011, and the jury returned a verdict in Razorback's favor, awarding $71,826.82 in damages for ice charges. Razorback appealed the decision granting partial summary judgment in Dement's favor, and the appeal is currently pending.

## II. Razorback's Motion for Prejudgment Interest

The issue of prejudgment interest is a substantive matter governed by Arkansas law. *See Ferrell v. W. Bend Mut. Ins. Co.*, 393 F.3d 786, 797 (8th Cir. 2005). "Prejudgment interest is compensation for recoverable damages wrongfully withheld from the time of the loss until judgment[,]" and an award of prejudgment interest is "allowable where the amount of damages is definitely ascertainable by mathematical computation, or if the evidence furnishes data that makes it possible to compute the amount without reliance on opinion or discretion." *Ozarks Unlimited Resources Co-op., Inc. v. Daniels* 333 Ark. 214, 224, 969 S.W.2d 169, 174 (1998)(citing *Woodline Motor Freight, Inc. v. Troutman Oil Co.*, 327 Ark. 448, 938 S.W.2d 565 (1997)). "Where prejudgment interest may be collected at all, the injured party is always entitled to it as a matter of law." *Id*. (citing *TB of Blytheville v. Little Rock Sign & Emblem*, 328 Ark. 688, 946 S.W.2d 930 (1997)). Additionally, where, as in this case, no rate of interest has been agreed upon, prejudgment interest accrues at six percent per annum. *See Warren v. State Farm Fire and Cas. Co.*, No. 3:05CV00260 GTE, 2007 WL 93 63 54, at *11 (E.D.Ark. March 26, 2007).

Razorback seeks $17,691.38 in prejudgment interest, calculated by applying a 6% per annum interest rate to the amount awarded by the jury, $71,826.82, for a period of 1,498 days.

Razorback asserts that the period for prejudgment interest began to run on October 1, 2007, thirty days after Razorback's invoice to Dement, and it concluded on November 8, 2011, the date judgment was entered in this case.

Dement argues that "it would be equitable to stop computing prejudgment interest as of July 2010." Docket entry #138, at 1. Dement notes that the July 19, 2010 trial date previously scheduled in this case was continued after Razorback filed a motion requesting a continuance. However, as stated in the order resetting the trial date, the Court continued the July 19, 2010 trial date "due to another trial that [took] priority on the Court's docket." Docket entry #108. The Court finds no evidence that Razorback unreasonably delayed progress in this case and declines to limit Razorback's award based on a continuance of the trial date. The Court finds that Razorback is entitled to an award of prejudgment interest in the amount of $17,691.38 for the 1,498 day period from October 1, 2007 to November 8, 2011.

## II.  Motions for Costs

Both parties have filed motions for costs. Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that a prevailing party shall be allowed costs, other than attorney fees, unless otherwise directed by the court or unless a federal statute or other rules provide for costs. Rule 54(d) "codifies the presumption that ... costs will be awarded to prevailing parties." *Police Retirement Sys. v. Midwest Inv. Advisory* Serv., 940 F.2d 351, 358-59 (8th Cir. 1991).

As a preliminary matter, the Court must determine whether Dement or Razorback has achieved prevailing party status. A "prevailing party" is one who obtains a judicially sanctioned material alteration of the legal relationship between the parties to a lawsuit. *See Advantage Media, L.L.C. v. City of Hopkins,* 511 F.3d 833, 837 (8th Cir. 2008)(citing *Buckhannon Bd. &*

*Care Home, Inc. v. West Virginia Dep't of Health & Human Res*., 532 U.S. 598, 604-05, 121 S.Ct. 1835 (2001)).

Cost awards are available to prevailing parties, whether the prevailing party is a plaintiff or a defendant. "Thus, a dismissal of the action, whether on the merits or not, generally means that the defendant is the prevailing party." 10 C. Wright & A. Miller, Federal Practice & Procedure § 2667, pp. 209–10 (3d ed. 1998). Dement contends that it is the prevailing party on all claims unrelated to the Razorback's claim for ice damages. According to Dement, 80% of Razorback's claims were dismissed on summary judgment, which entitles Dement to payment of 80% of its costs. Although Dement succeeded in obtaining dismissal of Razorback's fraud claim and claim for lost profits, that initial victory was not enough to confer prevailing party status. In the end, Razorback obtained a verdict in its favor and an enforceable money judgment. A plaintiff is the prevailing party if the plaintiff obtains any of the relief requested. *See Leonard v. Southwestern Bell Corp. Disability Income Plan,* 408 F.3d 528, 533 (8th Cir. 2005)(despite losing on most claims, plaintiff was presumptively entitled to costs under Rule 54(d)(1) because she recovered $20,000 and succeeded in changing her legal position with respect to defendant). The Court finds that Razorback, not Dement, is the prevailing party in this case.

Title 28 U.S.C. § 1920 defines the expenses that may be taxed as costs under Rule 54(d)(1). These include (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under [28 U.S.C. § 1923]; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees,

expenses, and costs of special interpretation services under 28 U.S.C. § 1828.

Razorback submits a bill of costs totaling $1,618.60 for the filing fee and costs associated with a portion of the depositions taken in this case. Razorback states that it has confined its request to costs related to its breach of contract claim for ice charges. Although Dement objects to Razorback's motion for attorneys' fees and prejudgment interest, it does not contest Razorback's bill of costs. Accordingly, the Court finds that Razorback is entitled to an award of costs in the amount of $1,618.60.

### III. Motions for Attorneys' Fees

Both parties have filed motions for attorneys' fees. The right to recover attorneys' fees in diversity cases is determined by state law, *see Lamb Engineering & Const. Co. v. Nebraska Public Power Dist.*, 103 F.3d 1422, 1434 (8th Cir. 1997), in this case Arkansas law.[1] Arkansas Code § 16-22-308 provides: "In any civil action . . . for . . . breach of contract, unless otherwise provided by law or contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as cost." Ark. Code Ann. § 16-22-308. An award of attorneys' fees under § 16-22-308 is discretionary with the trial court. *See Marsh & McLennan of Arkansas v. Herget*, 321 Ark. 180, 184 (1995).

Dement does not dispute that Razorback is entitled to an award of attorneys' fees, but Dement contends that it, too, is entitled to a fee award. According to Dement, it is the prevailing party on all claims unrelated to the Razorback's claim for ice damages.

"[T]here can be only one prevailing party in an action for the recovery of a money

---

[1] For reasons stated in the Court's order entered January 22, 2010, the Court has determined that Arkansas law governs the substantive issues in this case.

judgment, and the prevailing party is the party whose favor the verdict compels a judgment. *CJ Bldg. Corp. v. TRAC-10,* 368 Ark. 654, 659, 249 S.W.3d 793, 797 (2007)(citing *Gill v. Transcriptions, Inc*., 319 Ark. 485, 892 S.W.2d 258 (1995)).  "Each side may score, but the one with the most points at the end of the contest is the winner, and is entitled to recover his costs." *Id*.  Although Dement succeeded in obtaining dismissal of Razorback's fraud claim and claim for lost profits, that initial victory was not enough to confer prevailing party status.  To qualify as a prevailing party entitled to attorneys' fees under § 16-22-308, a litigant must be granted some relief on the merits of his or her claim.  *See BKD, LLP v. Yates,* 367 Ark. 391, 394, 240 S.W.3d 588, 591 (2006).  In the end, Razorback obtained a verdict in its favor and an enforceable money judgment.   The Court finds that Razorback, not Dement, was the prevailing party in this case.

The Court must now decide whether the fees requested are reasonable.  Razorback seeks an award of $29,839.40 based on a one-third, contingency-fee agreement between Razorback and attorneys Danny Crabtree and Timothy O. Dudley.   The amount requested represents one-third of the $71,826.82 jury award plus one-third of the $17,691.38 awarded in prejudgment interest.

Arkansas provides no fixed formula for determining reasonable attorneys' fees, and the amount of an award is a discretionary determination that will be reversed only upon an abuse of discretion.  *See Phi Kappa Tau Housing Corp. v. Wengert*, 350 Ark. 335, 341, 86 S.W.3d 856, 860 (2002).  However, the following factors are relevant in determining reasonable attorney's fees: (i) the experience and ability of the attorney; (ii) the time and labor required to perform the service properly; (iii) the amount in controversy and the result obtained in the case; (iv) the novelty and difficulty of the issues involved; (v) the fee customarily charged for similar services

in the local area; (vi) whether the fee is fixed or contingent; (vii) the time limitations imposed upon the client in the circumstances; and (viii) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the attorney. *See Chrisco v. Sun Indus., Inc.*, 304 Ark. 227, 229, 800 S.W.2d 717, 718-19 (1990).

Considering these factors, the Court finds that an attorneys' fee award in the amount of one-third of the total judgment on Razorback's successful breach of contract claim is appropriate. *See All-Ways Logistics, Inc. v. USA Truck, Inc.* 583 F.3d 511, 521 (8th Cir. 2009)(citing *Phelps v. U.S. Credit Life Ins. Co.*, 340 Ark. 439, 10 S.W.3d 854, 856–57 (2000)(holding that trial court did not abuse its discretion in awarding fees based on a contingency agreement)). First, the Court finds that attorneys Crabtree and Dudley are experienced and reputable attorneys with superior legal skills. Second, the Court finds, based on the Court's observations and counsel's unchallenged affidavit testimony,[2] that counsel expended considerable time and effort in prosecuting Razorback's breach of contract claim. Third, although Razorback did not obtain lost profits and punitive damages, it received a voluntary payment of $363,406 and a $71,826.82 jury verdict--an amount slightly more than the $400,000 amount sought in the complaint. Fourth, the legal issues in this case arose from complicated and hotly disputed factual questions, which made the case more difficult than most. Fifth, Razorback entered a one-third contingency fee agreement with counsel. Counsel for Razorback testify, and Dement does not dispute, that a one-third contingency-fee arrangement is customary

---

[2] Crabree and Dudley testify that because they represented Razorback on a contingency fee basis, they did not maintain a record of the time they expended on this case. *See* docket entry #127, Exs. A, B. However, both attorneys provide an estimate of the total hours consumed on work related to Razorback's claim seeking reimbursement for ice charges. Crabree reports 86 hours, and Dudley reports 47 hours.

for this type of case.  As for the sixth and seventh *Chrisco* factors, Razorback reports that it had no time limitations imposed upon it, and counsel for Razorback states that work in this case "did not necessarily prevent acceptance of other legal work."  Docket entry #127, Exs. A, B, ¶ 10.

Although Dement states no objection to Razorback receiving a fee award based in part on the one-third, contingency-fee agreement, it asserts that Razorback's recovery should be limited to one-third of the $71,826.82 jury verdict and should not include prejudgment interest.   Dement notes that prejudgment interest is awarded as a matter of law, but it cites no authority that an attorney fee award may not include a percentage of prejudgment interest awarded to the client.  Razorback contends that prejudgment interest should be included in the fee award because Razorback's contingent  fee agreement provides that counsel will receive one-third of "all gross amounts recovered."[3]

Guided by the relevant *Chrisco* factors, the Court finds that an award based on a one-third of the $71,826.82  jury award ($23,942.27) is reasonable.  Regardless of whether prejudgment interest is properly included in determining the fee due under the contingency-fee contract,[4] the task before the Court is to determine the amount of a reasonable award, which is

---

[3]Attorney Danny Crabtree testifies that he and co-counsel Timothy O. Dudley charged Razorback "a one-third contingency fee of all gross amounts recovered."  Docket entry #127, Ex. A, ¶ 8.   Attorney Dudley testifies that the fee agreement charges a one-third contingency fee, but he provides no information regarding the items to be included in the basis of the fee.  *See* docket entry #127, Ex. B, ¶ 8.

[4]Razorback does not provide a copy of the contingency fee agreement.  Attorney Crabtree testifies that he and co-counsel Timothy O. Dudley charged Razorback "a one-third contingency fee of all gross amounts recovered."  Docket entry #127, Ex. A, ¶ 8.  Attorney Dudley testifies that Razorback agreed to a one-third contingency fee, but he provides no information regarding the items to be included in the basis of the fee.  *See* docket entry #127, Ex. B, ¶ 8.

not necessarily one-third of the total amount recovered and need not include a percentage of the prejudgment interest awarded. *See Southern Farm Bureau Life Ins. Co. v. Cowger*, 295 Ark. 250, 258, 748 S.W.2d 332, 337 (1988)(affirming fee award based on contingency fee agreement that was not precisely one-third of judgment since it did not encompass one-third of prejudgment interest and penalty awarded).

IT IS THEREFORE ORDERED that Plaintiff's motion for prejudgment interest (docket entry #125) is GRANTED, and Plaintiff's motion for attorneys' fees and costs (docket entry #127) is GRANTED IN PART AND DENIED IN PART. Plaintiff is hereby awarded prejudgment interest of $17,691.38; attorneys' fees in the amount of $23.942.27; and costs in the amount of $1,618.60.

IT IS FURTHER ORDERED that Defendant's motion for costs (docket entry #134) and motion for attorneys' fees (docket entry #136) are DENIED.

IT IS SO ORDERED THIS 4TH DAY OF JUNE, 2012.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE